ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
VATANA LAY, ESQ.
Nevada Bar No. 12993
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: vatana.lay@akerman.com

*Attorneys for Plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-22*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22<br><br>Plaintiff,<br><br>vs.<br><br>THE MEWS HOMEOWNERS ASSOCIATION; SATICOY BAY LLC SERIES 1218 COACH; HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No.: 2:17-cv-00473-KJD-PAL<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-22 (**BONYM**) and The Mews Homeowners Association (**Mews**) (collectively the **parties**)[1] stipulate as follows:

**I.     Stipulation to Stay Proceedings**

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims

---

[1] Defendants Saticoy Bay LLC Series 1218 Coach and Homeowner Association Services, Inc. have not been served with the First Amended Complaint. Cross-defendant Homeowner Association Services, Inc. has been served with the Crossclaim, but has not yet made an appearance.

{42106358;1}                    6

1  related to a non-judicial homeowner's association foreclosure sale conducted on a property pursuant to NRS 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016), holding NRS 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court for the District of Nevada.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank*, *N.A.,* 388 P.3d 970 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4. The parties in *Bourne Valley* are seeking review of the decision in the United States Supreme Court. Bourne Valley filed a petition for writ of certiorari of the Ninth Circuit's Bourne Valley on April 3, 2017. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753.

5. Several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *See*, *e.g.*, *Nationstar Mortg. LLC v. Green Valley S. Owners Ass'n*, No. 2:16-cv-00883-GMN-GWF, ECF No. 38 (D. Nev. Oct. 5, 2016); *Bank of America, N.A. v. Canyon Willow Trop Owners' Ass'n*, No. 2:16-cv-01327-GMN-VCF, ECF No. 25 (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Tr. Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH, ECF No. 29 (D. Nev. Feb. 28, 2017); *Ditech Fin. Servs., LLC v. Highland Ranch Homeowners Ass'n*, No. 3:16-cv-00194-MMD-WGC (D. Nev. Mar. 7, 2017); *Wells Fargo Bank, N.A. v. Las Vegas Dev. Group, LLC*, 2:16-cv-02621-RFB-NJK (D. Nev. Mar. 9, 2017).

6. To determine if a continued stay is appropriate, the Court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

{42106358;1}  6

a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time, which would surely ensue in this matter if litigation were allowed to continue, that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be enable to avoid the cost and expense of continued legal proceedings in light of what clearly is unsettled law. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and the Nevada Supreme Court is resolved. A stay will benefit all parties involved herein.

b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for all parties to have finality, given the split in the state and federal court decisions. The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. <u>Orderly Course of Justice</u>: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the petition for writ in *Bourne Valley* has the potential to affirm or overturn the case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court/federal court conflict.

7. The parties agree that all proceedings in the instant case, including any deadlines for responsive pleadings, are stayed pending final resolution of the *Bourne Valley* certiorari proceedings before the United States Supreme Court.

8. Saticoy Bay LLC Series 1218 Coach is required to keep current on all property taxes and assessments, HOA dues, maintain the property, and maintain insurance on the property at issue.

9. Saticoy Bay LLC Series 1218 Coach is prohibited from selling or encumbering the

{42106358;1}                                                     6

property unless otherwise ordered by the Court.

10. BONYM is prohibited from conducting foreclosure proceedings on the property unless otherwise ordered by the Court.

11. Any party may file a written motion to lift stay at any time if either party determines it appropriate.

DATED this 22nd day of June, 2017..

| **AKERMAN LLP** | **PENGILLY LAW FIRM** |
|---|---|
| */s/ Vatana Lay* <br> ARIEL E. STERN, ESQ. <br> Nevada Bar No. 8276 <br> VATANA LAY, ESQ. <br> Nevada Bar No. 12993 <br> 1160 Town Center Drive, Suite 330 <br> Las Vegas, Nevada 89144 | */s/ Elizabeth B. Lowell* <br> JAMES W. PENGILLY, ESQ. <br> Nevada Bar No. 6085 <br> ELIZABETH B. LOWELL, ESQ. <br> Nevada Bar No. 8551 <br> 1995 Village Center Circle, Suite 190 <br> Las Vegas, Nevada 89134 |
| *Attorneys for Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22* | *Attorneys for Defendant The Mews Homeowners Association* |

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: June 26, 2017

Case No.: 2:17-cv-00473

{42106358;1}   6